# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRISTEC REFINING TECHNOLOGIES USA, LLC, et al., <br><br> *Plaintiff*, <br><br> v. <br><br> PRISTEC AG, et al., <br><br> *Defendants*. | Civil Action No: <br> 17-cv-4437 (PGS)(LHG) <br><br> **MEMORANDUM AND ORDER** |

This matter comes before the Court by Defendants Pristec AG ("PAG") and Pristec America, Inc. ("PRISTEC AMERICA") for a motion to dismiss the Complaint of Plaintiffs Pristec Refining Technologies USA, LLC ("Pristec Refining"), Earle Refining USA, LLC ("Earle Refining"), Earle Oil Investments, LLC ("Earle Oil"), and T.J. Earle for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) ("Rule 12(b)(1)"), lack of personal jurisdiction as to Pristec AG to Fed. R. Civ. P. 12(b)(2) ("Rule 12(b)(2)"), and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") (*see* Docket Entry ("D.E. 29).

**I.**

On June 16, 2017, Plaintiffs initiated this suit by filing a Complaint in this Court against Defendants PAG and Pristec America. (*See* Docket Entry ("D.E.") 1.) Within two weeks of filing of the Complaint, Plaintiffs filed an Order to Show Cause for Preliminary Injunction against all the Defendants pursuant to Fed. R. Civ. P. 65, moving before the Court, *inter alia*, to preliminarily

enjoin and compel the Defendants to specifically perform their obligations under an Operating Agreement dated September 14, 2016. (*See* D.E. 5.)

Most of the Plaintiffs are domiciled in New Jersey. Plaintiff Earle Oil is a New Jersey limited liability company with its principal place of business in Wall, New Jersey. The members of Plaintiff Earle Oil include, T.J. Earle, W. Robert Earle, II and Michael G. Earle (collectively, the "Earle Brothers"). Each of the Earle Brothers are domiciled in the State of New Jersey. (*See* Complaint ("Compl.") at ¶¶ 5-6.)

Plaintiff Pristec Refining is a Delaware limited liability company with its principal place of business Wall, New Jersey. The members of Pristec Refining include, Steven R. Hays ("Hays"), Walter Gil de Rubio ("Gil de Rubio"), and Plaintiff Earle Refining. (*Id.* at ¶¶ 8-9.) Hays is an individual domiciled in the State of Texas, and Gil de Rubio is an individual domiciled in the State of New Jersey. (*Id.* at ¶¶ 9-11.)

Plaintiff Earle Refining is a New Jersey limited liability company with its principal place of business in Wall, New Jersey, as well. The members of Earle Refining include, WRE Family 2016 Trust, TJE Family 2016 Trust, and MGE Family 2016 Trust. The trustee and beneficiaries of which are the Earle Brothers. (*Id.* at ¶¶ 12-13.)

Defendant PAG is a joint stock company organized and existing under the laws of the Republic of Austria, with its principal place of business in Vienna, Austria. (*Id.* at ¶ 16); *see also* Declaration of Joseph M. Laura ("Laura Decl.") at ¶ 2; D.E. 35.)

Prior to February 8, 2017, PAG and Innovative Crude Technologies each owned 50% of the shares of Pristec America. At that time, Pristec America was organized under the laws of the State of Nevada. However, all of its business was conducted from the home office of Joseph Laura, the United States managing director. Mr. Laura resides in Springfield, New Jersey.

On February 8, 2017, PAG acquired all of the outstanding shares of Innovative Crude and Pristec American became a wholly owned subsidiary of PAG.

At about that time, Pristec America commenced its operations in Austria.

The relationship between Plaintiffs and Defendants started in 2015 when the Earle Brothers met with Mr. Joseph Laura of Pristec America and a member of the Supervisory Board of Defendant PAG, to discuss a potential joint business venture. The joint business venture consisted of commercializing an innovative oil-refining technology. (Compl. at ¶¶ 2, 25-26.) In furtherance of this joint venture, the parties executed definitive agreements to form a joint venture entity called Pristec Northeast, LLC ("PNE"). (*Id.* at ¶ 29.) The complaint alleges that during 2015, Earle Brothers met with Laura in New Jersey approximately ten times to discuss a business relationship with Pristec America. Further, there are countless telephone conferences and e-mails between Earle Brothers and Mr. Laura of Pristec America.

Plaintiffs allege that Defendants have failed to perform under the Operating Agreement and a License Agreement by failing to deliver the systems, equipment and technology to Plaintiff Pristec Refining, including any specifications or designs for the modules, or for the activators that are to operate inside of the modules. (*Id.* at ¶¶ 98-99.) On September 14, 2016, Pristec Refining and Pristec America entered a license agreement entitled Equipment Sales Agreement and Exclusive Intellectual Property License Agreement. Pursuant to said Agreement, Defendant Pristec America agreed to sell equipment and sublicense the technology to Plaintiff Pristec Refining. (*Id.* at ¶ 82.)

## II.

Pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(1), a claim can be dismissed for lack of jurisdiction over the subject matter. This motion to dismiss may be asserted at any time

in a case. *In re Kaiser Group Int"l, Inc.*, 399 F.3d 558, 565 (3d Cir. 2005). In a motion to dismiss based on subject matter jurisdiction, "the standard . . . is much more demanding [than the standard under 12(b)(6)]. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

If the defendant's attack is facial, the court may take all allegations in the complaint as true and "may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." *Liu v. Gonzales*, 2007 U.S. Dist. LEXIS 74611, at *7 (D.N.J. Oct. 5, 2007). The standard of review differs substantially from that under Rule 12(b)(6), however, when the challenge is factual. Then, there is no presumption of truthfulness to a plaintiff's claims in the complaint. *RLR Invs., LLC v. Town of Kearny*, No. 06-cv-4257, 2007 U.S. Dist. LEXIS 44703, at *8 (D.N.J. June 20, 2007) (citations omitted).

Thus, the Court may consider conflicting evidence so that the court can decide factual issues that may bear on its jurisdiction. *Id.* Furthermore, "[w]hen resolving a factual challenge, the court may consult materials outside the pleadings, and the burden of proving jurisdiction rests with the plaintiff." *Med. Soc"y of N.J. v. Herr*, 191 F. Supp. 2d 574, 578 (D.N.J. 2002) (see also *Gould Elecs. Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000)). However, "[w]here an attack on jurisdiction implicates the merits of plaintiff"s [F]ederal cause of action, the district court's role in judging the facts may be more limited." *RLR Invs., LLC*, 2007 U.S. Dist. LEXIS 44703, at *9 (internal citations omitted).

**III.**

The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between ... citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005).

For over two hundred years, the statute has been understood as requiring "complete diversity between all plaintiffs and all defendants." *Id.* This means that, unless there is some other basis for jurisdiction, "no plaintiff [may] be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 419 (3d Cir. 2010).

"Most rules of citizenship are well established. A natural person is deemed to be a citizen of the state where he is domiciled. A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Id.* But unlike corporations, unincorporated associations such as partnerships "are not considered 'citizens' as that term is used in the diversity statute." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008). Instead, "the citizenship of partnerships and other unincorporated associations is determined by the citizenship of [their] partners or members." *Zambelli,* 592 F.3d at 420. "The citizenship of an LLC is determined by the citizenship of its members." *Id.* For complete diversity to exist, all of the LLC's members "must be diverse from all parties on the opposing side. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 185 (3d Cir. 2008).

The requirement that a plaintiff plead the basis for federal jurisdiction appears in Federal Rule of Civil Procedure 8(a)(1), which requires the complaint to provide "a short and plain statement of the grounds for the court's jurisdiction." Beyond stating that the jurisdictional

allegations should be "short and plain," the Rule does not specify the level of detail required to adequately plead the "grounds" for federal jurisdiction.

Defendants assert that this Court lacks subject matter jurisdiction over this case because there is no diversity between the parties. (*See* Def.'s Br. at 9; D.E. 30.) Defendants note that three of the Plaintiffs, Earle Oil, Earle Refining, and Pristec Refining are limited liability companies. That is, their citizenship is determined by the citizenship of its members. *Zambelli,* 592 F.3d at 420.

Plaintiff Earle Oil -- all of its members—Mr. T.J. Earle, Mr. Robert Earle and Mr. Mike Earle (i.e., the Earle Brothers)—are domiciled in the State of New Jersey. (*See* Compl at ¶¶ 5-6.)

Plaintiff Earle Refining -- is a member of Plaintiff Pristec Refining, it consists of three trusts—(i) the TJE Family 2016 Trust, (ii) the WRE Family 2016 Trust, and (iii) the MGE Family 2016 Trust. (*See* Compl. at ¶ 13.) The trustees and beneficiaries of the aforementioned trusts are all domiciled in the State of New Jersey. (*Id.* at ¶¶ 6, 13.) As such, Plaintiff Earle Refining is also a citizen of the State of New Jersey.

Plaintiff Pristec Refining -- is a Delaware limited liability company whose principal place of business is located in Wall, New Jersey. The members of Pristec Refining include Steven R. Hays ("Hays"), Walter Gil de Rubio ("Gil de Rubio"), and Plaintiff Earle Refining. (*Id.* at ¶¶ 8-9.) Hays is an individual domiciled in the State of Texas, and Gil de Rubio is an individual domiciled in the State of New Jersey. (*Id.* at ¶¶ 9-11.)

In summary, citizenship of all of the Plaintiffs include, the State of New Jersey and the State of Texas. Defendants further contend that Pristec America is domiciled in New Jersey.

Pristec America is a corporation which is deemed to be a citizen of both the state where it is incorporated (Nevada) and the state where it has its principal place of business. *Zambelli,* 592

F.3d at 419; 28 U.S.C. § 1332(c). The principal place of business of a corporation is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," generally characterized as the "nerve center" of the corporation. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Here, Defendant Pristec America alleges that its principal place of business is the State of New Jersey because its sole paid employee is Mr. Laura who conducted all of the business of Pristec America from his home in Springfield, New Jersey. Such activity included conducting meetings with directors via teleconference from his office in New Jersey, and all of the activities with Plaintiff. (*Id.* at 10-11.)

On the other hand, Plaintiffs assert that principal place of business cannot be the State of New Jersey because—(i) Defendant Pristec America has not procured a certificate of authority from the Secretary of State of New Jersey to transact business in New Jersey pursuant to N.J.S.A. § 14A:13-3(1) (*see* Pl.'s Br. at 6-7; D.E. 43); (ii) holding board meetings in the State of New Jersey does not satisfy the *Hertz* test of a "nerve center" for purposes of establishing a principal place of business (*Id.* at 7-8); and (iii) Pristec America's headquarters is not located in the State of New Jersey because defendant PAG acquired Innovative Crude Technologies' interests in Defendant Pristec America; and all of the "nerve center" functions occur in Austria. As such, Plaintiffs assert that Defendant PAG, which is located in Austria, now "directs, controls, and coordinates" Defendant Pristec America's activities from Vienna, and did so at the time this action commenced in June 2017.

Here, for this Court to have subject matter jurisdiction over this case, Plaintiffs have the burden to first satisfy diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Hedges*, 404 F.3d at 750. "For complete diversity to exist, all of the limited liability companies 'must be diverse from all parties on the opposing side.'" *Lincoln Ben. Life Co. v. AEI Life et al.*, 800 F.3d 99, 105 (3d Cir.

2015). There is a factual issue as to whether or not Defendant Pristec America had a 'nerve center' in the State of New Jersey or Austria at time this action commenced on June 16, 2017. Establishing the 'nerve center' for Defendant Pristec America is critical to the inquiry of determining whether or not this Court has subject matter jurisdiction over this case because such an inquiry would dictate whether or not there is diversity between the parties.

The Third Circuit in *Gotha* noted that in determining a motion under Rule 12(b)(1) for lack of subject matter jurisdiction, the court is not confined to the allegations in the plaintiff's complaint, but instead could consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction. *Gotha v. U.S.*, 115 F.3d 176, 179 (3d Cir. 1997). Generally, a trial court is free to weigh evidence beyond the Plaintiff's allegations because its power to hear a case is at issue in a factual 12(b)(1) motion. (*Mortensen v. First Fed. Sav. & Loan Ass'n.*, 549 F.2d 884, 891-92 (3d Cir. 1977).

The Third Circuit has held that "[j]urisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Davis v. Wells Fargo*, 824 F.3d 333, 348 (3d. Cir. 2016) (*citing Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.*, 711 F.2d 138, 139 (9th Cir. 1983). Under Rule 12(b)(1), the plaintiff must prove the court has subject matter jurisdiction, and the defendant is allowed to attack the allegations in the complaint and submit contrary evidence in its effort to show that the court lacks jurisdiction. *Id.* at 349 (*Mortensen v. First Federal Sav. And Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

Plaintiff's chief argument is that Pristec America is not headquartered in New Jersey and it has no nerve center of operations here. This argument lacks merit because of the following facts:

1). Mr. Laura's interests in Defendant Pristec America were principally located in New Jersey until February, 2017;

2) Mr. Laura affirms that all of Pristec America's business occurred from his New Jersey office;

3) The complaint supports Mr. Laura's contention because it alleges "countless telephone conferences and e-mails between Laura and Earle Brothers (Complaint ¶ 26);

4) There are agreements between Pristec America and the Earle parties emanating from New Jersey. These agreements were executed in 2015 (Complaint ¶ 27);

5) In December, 2015 – January, 2016, a joint venture agreement was executed where Pristec America was a party (Complaint ¶¶ 29, 30);

Accordingly, in light of the factual issues, Pristec America was conducting its business activities in New Jersey into the winter of this year. One analogous case is *Grand Union v. H.E. Lockhart Mgmt*, 316 F. 3d 408 (3d Cir. 2003). In *Grand Union*, the supermarket maintained some corporate allegations by filing a certificate for authorization to do business, and paying its franchise tax to the government of the Virgin Islands. However, at the time that the lawsuit was filed, the Grand Union had no sales in the Virgin Islands for two years, and it did not own or rent any premises for six years. In determining whether jurisdiction existed in the Virgin Islands, Judge Rendell concluded that Grand Union had no recent business activity within the Virgin Islands, and accordingly, its principal place of business was not located there. Applying the same standard, the opposite result occurs here. Pristec America conducted business activities in New Jersey at least until February, 2017, and there are agreements negotiated on Pristec America's behalf here at least until that time (which is far different from the two or six year lapse in operations as the Third Circuit found in Grand Union). The principle place of business for Pristec America was New

Jersey until February, 2017. The abrupt transfer of business from New Jersey to Austria several months before suit is filed is not sufficient to overcome all of the business activities before that date. This business activity demonstrates that the principle place of business at the proximate time of filing the complaint was New Jersey.

**ORDER**

This matter having come before the Court on a motion to dismiss by Defendant, Pristec America, Inc.; and the Court having reviewed the submissions of the parties and having heard oral argument;

For the reasons set forth above;

IT IS on this 19th day of October, 2017;

ORDERED a motion to dismiss the Complaint of Plaintiffs Pristec Refining Technologies USA, LLC ("Pristec Refining"), Earle Refining USA, LLC ("Earle Refining"), Earle Oil Investments, LLC ("Earle Oil"), and T.J. Earle for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b) (1) is granted (ECF No. 29); and it is further

ORDERED that the motion to dismiss for lack of personal jurisdiction as to Pristec AG to pursuant to Fed. R. Civ. P. 12(b)(2) is denied as moot (ECF No. 29); and it is further

ORDERED that the Order to Show Cause (ECF No. 5) is denied as moot.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.